```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHAEL EDWARD BUFKIN,

           Plaintiff,

vs.                                 Case No.  2:11-cv-553-FtM-29DNF

UNITED STATES OF AMERICA,

           Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant United States of America's Motion to Dismiss Amended Petition (Doc. #26) filed on May 11, 2012.  Plaintiff filed a Response (Doc. #30) on May 29, 2012.  Also pending before the Court is Bufkin's Motion for Temporary Injunction, Preliminary Injunction, or Temporary Restraining Order (Doc. #27) filed on May 25, 2012.  Plaintiff filed a verified brief (Doc. #28) and appendix (Doc. #29) in support.  Defendant filed a Response (Doc. #30) on May 29, 2012.  For the reasons set forth below, the case will be dismissed.

**I.**

On September 28, 2011, defendant United States of America removed plaintiff Michael Edward Bufkin's (Bufkin or plaintiff) Verified Original Petition (Doc. #2) from state court to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444.  Defendant then filed a Motion to Dismiss (Doc. #4).  After filing a preliminary and supplementary response to defendant's motion, plaintiff filed

a Motion for Leave to Amend (Doc. #20) on April 20, 2012.  On May 9, 2012, the magistrate judge granted plaintiff's motion and plaintiff's Verified First Amended Petition (Doc. #25) was filed the same day.

Read liberally, as is required due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Verified First Amended Petition alleges that plaintiff seeks a declaration that he does not owe taxes to defendant United States of America and an injunction against defendant "from ever again asserting claims against Bufkin for all alleged 'tax years'" pursuant to Fla. Stat. § 86.011 and Fla. Stat. § 26.011.  Plaintiff contends that: (1) the Constitution has never been "admissible evidence of law" and there has been no "constitutional government" at the national level; (2) the income tax system only operates "by agreement"; (3) the mechanism of the income tax system is trust law and, so, a taxpayer is a fiduciary and the United States is a beneficiary; and (4) the United States has the burden to prove that a trust exists.  (Doc. #25.)  Plaintiff also alleges that the United States cannot assert sovereign immunity because: (1) the United States does not act governmentally when it comes to income tax because there is no constitution; (2) judicial estoppel applies to limit defendant's ability to assert immunity; and (3) by asserting immunity, defendant disclaimed any agreement it may have had for taxes.  (Id.)


**II.**

In its motion to dismiss, the United States raises a Rule 12(b)(1) challenge to the subject matter jurisdiction of the Court. (Doc. #26.)  Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877 (2010); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010).  "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994).  If jurisdiction is found to be lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also University of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id.  A factual attack challenges subject matter jurisdiction in fact, regardless of the pleadings.

*Id.* In deciding a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id.* In this case, the United States is raising a facial attack on the Court's subject matter jurisdiction.

The United States asserts that the Verified First Amended Petition fails to establish subject matter jurisdiction because (1) plaintiff fails to plead an express, applicable waiver of sovereign immunity; (2) the Declaratory Judgment Act precludes the declaratory judgment plaintiff is seeking; and (3) the other relief sought by the Petition is barred by the Anti-Injunction Act. (Doc. #26.)

The Court will first address the sovereign immunity argument. "The United States, as sovereign, is immune from suit save as it consents to be sued. [ ] Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . A waiver of sovereign immunity must be 'unequivocally expressed,' and an expressed waiver will be strictly construed. [ ] Sovereign immunity, when applicable, is 'a complete bar to lawsuits' against the United States." *Ishler v. IRS*, 237 F. App'x 394, 397-98 (11th Cir. 2007)(citations omitted). While the federal government has waived its sovereign immunity for challenges of allegedly wrongful assessments brought timely in the tax court under 26 U.S.C. § 6213, plaintiff has failed to allege an "unequivocally expressed" waiver

that covers the case before this Court.  Therefore, the Court finds that immunity has not been waived.

The Anti-Injunction Act and Declaratory Judgment Act similarly preclude this suit.  With a few exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  See also Leves v. IRS, 796 F.2d 1433, 1435 (11th Cir. 1986).  In this case, the action would be barred under the Anti-Injunction Act of § 7421 because plaintiff has an adequate remedy at law - to pay the tax and sue for a refund.  Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985).  To the extent that declaratory relief is sought, the Declaratory Judgment Act "is at least as broad as the prohibition of the Anti-Injunction Act." Alexander v. "Americans United" Inc., 416 U.S. 752, 759 n.10 (1974).  Therefore, plaintiff cannot state a claim for relief as set forth in the Verified First Amended Petition.

Accordingly, it is now

**ORDERED:**

1.  Defendant United States of America's Motion to Dismiss Amended Petition (Doc. #26) is **GRANTED.**

2.  The Verified First Amended Petition (Doc. #25) is **DISMISSED WITH PREJUDICE.**  The Clerk is **directed** to enter judgment

accordingly, terminate any previously scheduled deadlines and pending motions and close the file.

3.  Bufkin's Motion for Temporary Injunction, Preliminary Injunction, or Temporary Restraining Order (Doc. #27) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>1st</u> day of November, 2012.

*[Signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties